UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA KANNER, Trustee of the Ella Kanner Revocable Trust, Derivatively on Behalf of Nominal Defendant ACADIA PHARMACEUTICALS INC.,<br>Plaintiff,<br>v.<br>JULIAN C. BAKER; STEPHEN R. BIGGAR, M.D., PHD; DANIEL B. SOLAND; LAURA A. BREGE; STEPHEN R. DAVIS; ELIZABETH A. GAROFALO, M.D.; JAMES M. DALY; EDMUND P. HARRIGAN, M.D.; and SRDJAN (SERGE) STANKOVIC,<br>Defendants. | Case No. 3:23-cv-02293-WQH-MSB<br><br>**ORDER** |

HAYES, Judge:

On December 15, 2023, Plaintiff Ella Kanner, on behalf of nominal defendant Acadia Pharmaceuticals Inc. ("Acadia" or the "company"), initiated this shareholder derivative action by filing a Complaint against Defendants Julian C. Baker, Stephen R. Biggar, M.D., PhD; Daniel B. Soland; Laura A. Brege; Stephen R. Davis; Elizabeth A. Garofalo, M.D.; James M. Daly; Edmund P. Harrigan, M.D.; and Srdjan (Serge) Stankovic ("Defendants") asserting claims for breach of fiduciary duty, unjust enrichment, abuse of

control, waste of corporate assets, insider trading, and violations of the Securities Exchange Act of 1934. (ECF No. 1.)[1]

On April 15, 2026, Plaintiff and Defendants (together, the "parties") filed a Joint Status Report stating that, on December 11, 2025, they participated in a mediation session and reached a settlement in principle. (ECF No. 21.)

On July 14, 2026, Plaintiff filed the pending Motion for Preliminary Approval of Derivative Settlement. (ECF No. 26.) Plaintiff requests "that the Court enter an order preliminarily approving the Settlement, including approving the dissemination of notice of the Settlement and setting a date for the Settlement Hearing." *Id.* at 2; *see also* Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement"), ECF No. 26-3. On August 5, 2026, Plaintiff filed a Reply in support of the motion. (ECF No. 27.) The docket reflects that no party has filed an opposition to the motion.

Federal Rule of Civil Procedure 23.1 provides that a "derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23.1(c). Rule 23.1 also provides that "[n]otice of a proposed settlement . . . must be given to shareholders or members in the manner that the court orders." The Ninth Circuit states that, upon preliminary review of a proposed settlement, a district court's analysis "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

Here, the parties reached the proposed Settlement during a mediation overseen by Michelle Yoshida, Esq. of Phillips ADR Enterprises. (ECF No. 26-1 at 6.) In their motion, the parties describe the terms of the Settlement, including heightened oversight of Acadia's

[1] On July 6, 2026, the Court issued an Order substituting Plaintiff Linda Kanner, Trustee of the Ella Kanner Revocable Trust, as Plaintiff in this action following the death of Ella Kanner. (ECF No. 25.)

disclosures regarding its drug trials, the creation of a "Chief Science Officer" position and a Scientific Committee in the company, enhancements to the company's Audit Committee, amendments to its Insider Trading Policy, and the formal adoption of "Rule 10b5-1 Trading Plan Guidelines." *Id.* at 12–21. Upon preliminary review of the proposed Settlement and the parties' proposed method of providing notice of the Settlement to Acadia stockholders, the Court finds that the proposed Settlement was reached during arm's length, good faith negotiations and that the agreement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED that the unopposed Motion for Preliminary Approval of Derivative Settlement (ECF No. 26) is granted as follows:[2]

1. The Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

2. On **Wednesday, January 13, 2027, at 2:00 p.m.**, in Courtroom 15B at the James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, CA 92101 the Honorable William Q. Hayes will hold a hearing (the "Settlement Hearing") at which the Court will determine whether: (i) the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) the Notice, as set forth in **Exhibit C** to the Stipulation, (ECF No. 26-3 at 52–68), fully satisfies the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process; (iii) to enter the proposed Order and Final Judgment in its entirety, as set forth in **Exhibit D** to the Stipulation, (ECF No. 26-3 at 71–73); (iv) the Fee and Expense Amount as well as the Service Awards should be approved; and (v) to determine such other matters as the Court may deem appropriate.

3. The Court reserves the right to: (i) approve the Settlement, with such modifications as may be agreed to by counsel for the Parties consistent with such Settlement, without further notice to Current Acadia Stockholders; (ii) continue or adjourn

---

[2] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

the Settlement Hearing from time to time, by oral announcement at the hearing or at any adjournment thereof, without further notice to Current Acadia Stockholders; and (iii) the right to conduct the Settlement Hearing remotely without further notice to Current Acadia Stockholders.

4. The Court finds that the form, substance, and dissemination of information to Current Acadia Stockholders regarding the proposed Settlement in the manner set out in this order ("Preliminary Approval Order"), including the Notice, as set forth in **Exhibit C** to the Stipulation, (ECF No. 26-3 at 52–68), constitutes the best notice practicable under the circumstances and complies with the Federal Rules of Civil Procedure and all other applicable law and due process.

5. Within **fourteen (14) calendar days** of the filing of this Order, the notice of the Settlement shall be provided through (i) the filing of a Current Report on Form 8-K with the U.S. Securities Exchange Commission ("SEC") by the Company, which shall include as attachments the approved settlement notice ("Settlement Notice") and the Stipulation and exhibits thereto; (ii) the publication on the internet of the Settlement Notice one time in *GlobeNewswire* or similar newswire service; and (iii) the posting of the Settlement Notice, Stipulation and exhibits thereto on the Company's Investor Relations website, to remain there through the date of the Settlement Hearing.

6. All costs incurred in the posting, filing, and publishing of the notice of the Settlement as provided in paragraph 5 above shall be paid by Acadia, and Defendants shall undertake all administrative responsibility for the posting, filing, and publishing of such notice of the Settlement.

7. At least **fourteen (14) calendar days before** the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit with respect to the posting, filing, and publishing of the notice of the Settlement as provided for in paragraph 5 of this Preliminary Approval Order.

8. Prior to Final Approval of the Settlement by the Court, Stockholders, Current Acadia Stockholders, and any other of Stockholders' Releasing Parties, and anyone who

acts or purports to act on their behalf, are barred and enjoined from filing, commencing, prosecuting, intervening in, participating in, or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (including a motion or complaint in intervention in any such action or proceeding if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Released Defendant Parties based on or relating in any way to the Released Claims.

9. Current Acadia Stockholders who wish to object to the fairness, reasonableness or adequacy of the Settlement or to any term(s) of the Settlement must both serve on Stockholders' Counsel and Defendants' Counsel (as set out below) and file with the Court a statement of objection, which must be received by no later than **December 23, 2026**. Any Current Acadia Stockholder may object on his, her or its own, or through counsel hired at his, her or its own expense. Any Current Acadia Stockholder's objection should set out the specific reasons, if any, for each objection, including any legal support the Current Acadia Stockholder wishes to bring to the Court's attention and any evidence the Current Acadia Stockholder wishes to introduce in support of such objections. The statement of objection must include the caption of the Action and the following information: (i) the Current Acadia Stockholder's name, address, telephone number and e-mail address (if available); (ii) the number of shares of Acadia stock the Current Acadia Stockholder currently holds, together with third-party documentary evidence, such as the most recent account statement, showing such share ownership, and proof of being a current Acadia stockholder as of July 9, 2026, through the present, (iii) if the objection is made through the Current Acadia Stockholder's counsel, that counsel's name, address, telephone number and e-mail address; (iv) a statement of specific objections to the Settlement, the grounds therefore, or the reasons for such person desiring to appear and be heard, as well as all documents or writings such person desires the Court to consider; (v) the identities of any witnesses such person plans on calling at the Settlement Hearing, along with a

summary description of their likely testimony; and (vi) a list – including dates, courts, case names and numbers, and disposition – of any other settlements to which the individual or entity has been a party to or objected during the previous three (3) years.

10. Any attorney retained by a Current Acadia Stockholder for the purpose of objecting must both serve on Stockholders' Counsel and Defendants' Counsel (as set out below) and file with the Court a notice of appearance, which must be received by no later than **December 23, 2026**.

11. A Current Acadia Stockholder who wishes to object to the proposed Settlement does not need to attend the Settlement Hearing. However, any Current Acadia Stockholder who files and serves a timely written objection pursuant to this Preliminary Approval Order may appear at the Settlement Hearing either in person or through personal counsel retained at his, her or its own expense. Any Current Acadia Stockholder's counsel who intends to make an appearance at the Settlement Hearing must serve on Stockholders' Counsel and Defendants' Counsel (as set out below) and file with the Court a notice of intention to appear, which must be received by no later than **December 23, 2026**.

12. Any submissions made pursuant to paragraphs 9 through 11 of this Preliminary Approval Order must be (i) sent or delivered to the following addresses:

a. The Court:

Clerk of Court
United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

b. Stockholders' Counsel:

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
260 Madison Avenue, 22nd Floor
New York, NY 10016
(212) 983-1300

Email: tjmckenna@gme-law.com

**KAHN SWICK & FOTI, LLC**
Melinda A. Nicholson
1100 Poydras Street, Suite 960
New Orleans, Louisiana 70163
Tel: (504) 648-1842
Email: melinda.nicholson@ksfcounsel.com

**ROBBINS LLP**
Stephen J. Oddo
5060 Shoreham Place, Suite 300
San Diego, California 92122
Tel: (619) 525-3990
Email: soddo@robbinsllp.com

c. Defendants' Counsel:

**COOLEY LLP**
Koji F. Fukumura
10265 Science Center Drive
San Diego, California 92121
Tel: (858) 550-6008
Email: kfukumura@cooley.com

13. Counsel for the Parties are directed to promptly inform each other of any submission served on them (or that otherwise comes into their possession) pursuant to paragraphs 9 through 11 of this Preliminary Approval Order.

14. Any Current Acadia Stockholder who fails to comply with the requirements of this Preliminary Approval Order shall waive and forfeit any and all rights he, she or it may otherwise have to object and/or to appear at the Settlement Hearing. Current Acadia Stockholders do not need to appear at the hearing or take any other action to indicate their approval of the proposed Settlement.

15. Any Current Acadia Stockholder who submits an objection to the proposed Settlement shall be deemed to consent to the exclusive jurisdiction of this Court with

respect to such objection and all issues that arise or relate to such objection, including any order issued or findings made by the Court regarding the objection.

16. The Parties shall file with the Court (and serve on each other) any papers they wish to submit in support of the proposed Settlement as follows:

a. Any motions for final approval of the proposed Settlement and motions for Stockholders' Counsel's Fee and Expense Amount must be filed and served at least twenty-eight (28) calendar days before the Settlement Hearing; and

b. Any papers in response to objections must be filed and served at least seven (7) calendar days before the Settlement Hearing.

17. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

18. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Current Acadia Stockholders.

19. Neither the Stipulation nor the Settlement, nor any act or omission taken in connection with the Stipulation or the Settlement, is intended or shall be deemed to be a presumption, concession or admission by: (a) any of the Individual Defendants, Acadia or any of the Released Defendant Parties as to the validity of any claims, causes of action or other issues that were or could have been raised in the Action or in any other litigation, or to be evidence of or constitute an admission of wrongdoing or liability by any of them; or (b) Stockholders as to the lack of merit of any claim or the validity of any defense.

20. The Court reserves the right to hold the Settlement Hearing telephonically or by videoconference without further notice to Current Acadia Stockholders. Any Current Acadia Stockholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar for any change in date, time or format of the Settlement Hearing. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to

Current Acadia Stockholders. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

Dated: August 24, 2026

William Q. Hayes
Hon. William Q. Hayes
United States District Court